# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TILOT OIL LLC,**

        **Plaintiff,**

    **v.**                                                 **Case No. 09-C-0210**

**BP PRODUCTS NORTH AMERICA INC.,**

        **Defendant.**

## DECISION AND ORDER

The parties filed a stipulated protective order, which is signed by counsel for the parties. The stipulated protective order defines confidential material as documents which contain or comprise "employees' health care information, proprietary, business and/or technical information and/or trade secret information."

There are a number of problems with the stipulated protective order. The order is not limited to the pretrial stages of this litigation, (Stipulated Protective Order ¶ 12). *See Citizen's First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) The parties' list of materials that they intend to designate as confidential is too broad. *See id.* Moreover, the stipulated protective order does not conform with the requirements of the controlling case law that it set forth a factual basis for the Court to find good cause for the sealing of documents that the parties intend to designate as "confidential material." *See id.* at 946. The document also bears no signature line for the Court. *See id.*

Federal Rule of Civil Procedure 26(c) allows the Court to enter a protective order only upon a showing of "good cause." The parties' agreement that good cause exists for sealing specific materials produced during discovery and that a protective order should be entered is insufficient. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858-59 (7th Cir. 1994). *See also, Citizen's First Nat'l Bank of Princeton*, 178 F.3d at 945-46 (noting that most cases endorse a presumption of public access to discovery materials). Rather, the parties must provide the Court with sufficient information so that it may make an independent determination of whether "good cause" exists for the sealing of the subject investigation files and entry of the protective order. *See id.*

Thus, the Court strikes the stipulated protective order without prejudice. If the parties want to obtain a protective order, they must give careful consideration to the types of materials that may be properly designated as "confidential." For businesses, such as the parties, to propose sealing materials that contain or comprise "business and/or technical information" is clearly overbroad. The parties would also need to file a brief statement of any facts that they believe establish good cause to seal the subject information, and provide for the Court's issuance of the protective order. Any proposed protective order that the parties submit should include a statement that the Court has found that good cause exists for sealing the subject information. The Court will then consider the parties' submissions and determine whether the proposed protective order should be granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The stipulated protective order (Docket No. 33) is **STRICKEN** without prejudice.

Dated at Milwaukee, Wisconsin this 12th day of August, 2009.

                **BY THE COURT**

                *s/ Rudolph T. Randa*
                **Hon. Rudolph T. Randa**
                **Chief Judge**